IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY WAYNE COPELAND, #184 666 | * | |
| Plaintiff, | * | |
| v. | * | 2:11-CV-74-TMH (WO) |
| ALABAMA DEPARTMENT OF CORRECTIONS, *et al.*, | * | |
| | * | |
| Defendants. | | |

**ORDER**

This case is pending before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, a state inmate currently confined at the Alabama Therapeutic Education Facility. The complaint, however, is deficient inasmuch as it does not name a proper defendant. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984) (the Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought).

Accordingly, it is

ORDERED that on or before **March 10, 2011**, Plaintiff shall file an amended complaint on a form for use in filing a 42 U.S.C. § 1983 complaint. *See* Local Rule 9.1 (requiring *pro se* litigants to utilize court's forms). ***Plaintiff's original complaint shall be superseded by this amended complaint***. That means Plaintiff shall no longer rely on the original complaint. It is necessary for Plaintiff to file a separate complaint for each claim

unless the claims are related to the same incident or issue.  Thus, for each different claim, Plaintiff must file a separate complaint and pay the $350.00 filing fee or, in lieu thereof, file a motion to proceed without prepayment of fees and costs.  Plaintiff must, therefore, decide on which claims he will proceed in this action.

Accordingly, it is further

ORDERED that on or before **March 10, 2011** Plaintiff file an amended complaint which:

1.  Contains one claim and any claims that can be shown closely related to it, *i.e.*, arising out of the same incident or facts.

2.  Names the individual(s) who allegedly violated his constitutional rights;

3.  Describes with particular detail how the individual(s) named as the defendant(s) acted in violation of *his* constitutional rights. That is, Plaintiff must state specifically what that individual defendant did or failed to do and what he or she knew.  If there are more defendants than there are spaces on the form, Plaintiff may attach additional pages to the form, but he must follow the format contained in the form for each additional defendant and identify his claim(s) against each defendant;

4.   Specifies the date(s) on which the alleged constitutional violations occurred;

5.  Complies with F.R.Civ.P. 8(a) which requires that a plaintiff plead  "'a *short and plain* statement of the claim that will give the defendant fair notice of what the plaintiff's claim' is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (emphasis added) (quoting

*Conley v. Gibson*, 355 U.S. 41, 47(1957); *see Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (finding vague and conclusory claims are subject to dismissal).

Plaintiff is advised that his failure to file an amended complaint within the prescribed time and in accordance with the directives contained in this order will result in a Recommendation that this case be dismissed for failure to prosecute and to obey the court's order.  Furthermore, the failure to plead an amended complaint that complies with F.R.Civ.P. 8(a), that is, a complaint that provides fair notice to the court and a defendant of the claim against the defendant, after being required to replead a complaint, will result in a Recommendation that the complaint be dismissed  under F.R.Civ.P. 41(b) for failure to comply with the court's order.  *Pelletier v. Zweifel*, 921 F.2d 1465,  1522 n.103 (11th Cir. 1991).

Plaintiff is cautioned that if he fails to comply with the directives of this order the Magistrate Judge will recommend that this case be dismissed.

The Clerk is DIRECTED to furnish Plaintiff with a form for use in filing a complaint under 42 U.S.C. § 1983.

Done, this 17th day of February 2011.

   /s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE