IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

LARRY WAYNE COPELAND,          *
#184 666
      Plaintiff,          *

      v.          *          2:11-CV-74-TMH
(WO)

ALABAMA DEPARTMENT OF          *
CORRECTIONS, *et al*.,
                          *

      Defendants.

_____

**ORDER**

Plaintiff initiated this action on January 28, 2011. After conducting its initial review of the complaint, the court entered an order on February 17, 2011 granting Plaintiff an opportunity to amend his complaint in order to plead a complaint that provided fair notice to the court and a defendant of his claim(s) against the defendant(s).  The court's February 17 order specifically advised  Plaintiff that his amended complaint  must: 1) contain one claim and any claims that can be shown closely related to it, *i.e.*, arising out of the same incident or facts; 2) name the individual(s) who allegedly violated his constitutional rights; and 3) describe with particular detail how the individual(s) named as the defendant(s) acted in violation of his constitutional rights. (*See Doc. No. 7.*)

Plaintiff filed his amended complaint on February 23, 2011.  Review of the Plaintiff's amended complaint reflects that although it names, among other entities, six individuals as defendants, it still contains only general and conclusory allegations of constitutional

violations, and fails to identify how each of the named individual defendants are and/or were responsible for the alleged violations of his constitutional rights.

Accordingly, it is

ORDERED that on or before **March 17, 2011** Plaintiff shall file a supplement to his February 23, 2011 amended complaint.

It is further ORDERED that Plaintiff's supplement to his February 23 amended complaint shall:

1.  Identify specific claims relative to actions taken against him by those persons named as defendants and list these claims in separate counts, *e.g.*, specifically describe how the conduct and/or actions of said individual defendants allegedly violated his constitutional rights;

2.  Describe with clarity those factual allegations that are material to each specific count against each of the named defendants; and

3.  Describe how each of the named defendants violated his constitutional rights.

*Plaintiff is hereby advised that the supplement to his amended complaint must set forth short and plain statements showing why he is entitled to relief and <u>be specific enough to put each defendant on notice of how their conduct allegedly violated Plaintiff's constitutional rights</u> and should contain only claims relative to actions taken against him by the named defendants.*[1] "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short

---

[1]The court is cognizant of the fact that *pro se* complaints are to be liberally construed and held to "less stringent standards than formal pleadings drafted by lawyer." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The court is also aware that it is expected to exercise "common sense" in interpreting these frequently diffuse pleadings, *United States ex rel. Simmons v. Zibilich*, 542 F.2d 259,

and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary, rather the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 555, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). "Plaintiff's obligation to provide the 'grounds' of h[er] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). Plaintiff is further advised that his failure to timely and properly comply with the directives contained in this order will result in a Recommendation that this action be dismissed.

Done, this 3rd day of March 2011.

    /s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

---

260 (5th Cir. 1976) (citation omitted), and is to accord them a "liberal yet realistic construction." *Johnson v. Estelle*, 625 F.2d 75, 77 (5th Cir. 1980). Nonetheless, although *pro se* pleadings are to be treated more liberally, Plaintiff is advised that he must allege "some facts . . .that convince [the court] that [he] has a colorable claim; conclusory allegations will not suffice." *Mills v. Criminal Dist. Court # 3*, 837 F.2d 677, 678 (5th Cir. 1988).